■ GEORGE F. SIMON, Respondent, v. ANDREW E. BARBERIS, SR., et al., Respondents, and WILLIAM BLUM, Appellant. (Action No. 1.) BARBARA INGBER et al., Respondents, v. WILLIAM BLUM, Appellant, and ANDREW E. BARBERIS, JR., et al., Respondents. (Action No. 2.) ANDREW E. BARBERIS, JR., an Infant, by His Guardian ad Litem, ANDREW E. BARBERIS, SR., et al., Respondents, v. WILLIAM BLUM, Appellant. (Action No. 3.) — In Action No. 3, to recover damages for injuries to person and property, defendant Blum appeals from an order of the Supreme Court, Nassau County, dated April 7, 1960, granting the motion of the plaintiffs Barberis for judgment against said defendant by default and placing the action on the Trial Calendar for inquest. In the three actions, to recover damages for injuries to person and property, defendant Blum appeals from an order of the Supreme Court, Nassau County, dated April 18, 1960, denying his motion to open his default in Action No. 3; to strike said action off the inquest calendar; to extend his time to answer the complaint in said action; and to consolidate Action No. 3 and Action No. 2 with Action No. 1. These three actions arise out of the collision of two auto-

mobiles on July 11, 1959. An automobile owned by Andrew E. Barberis, Sr., and operated by Andrew E. Barberis, Jr., collided with an automobile owned and operated by William Blum. Action No. 1 was instituted in the Supreme Court, Nassau County, by plaintiff George F. Simon, a passenger in the Barberis' car, against the two Barberis and Blum. Action No. 2 was instituted in the Supreme Court, Kings County, by plaintiffs Barbara Ingber and David Ingber, passengers in the Blum car, against the two Barberis and Blum. Action No. 3 was instituted in the Supreme Court, Nassau County, by the two Barberis against Blum. In Actions Nos. 1 and 2, which are presently on the calendar, Blum appeared and answered, but he failed to appear in Action No. 3 in response to one summons served on August 11, 1959, and in response to another summons and a complaint served on January 14, 1960. The Barberis, the plaintiffs in Action No. 3, moved in the Supreme Court, Nassau County, for a default judgment and for an inquest in that action. On April 1, 1960, while such motion was still pending, Blum, the defendant in Action No. 3, moved in the same court for an order: (1) to open his default in appearing and answering the summons and complaint in Action No. 3, which had been served upon him on January 14, 1960; (2) to extend his time to answer in Action No. 3; (3) to strike Action No. 3 from the Inquest Calendar; and (4) to consolidate Actions Nos. 2 and 3 with Action No. 1. Said motion by defendant Blum was made on the ground that a copy of the summons and complaint served on January 14, 1960, were not in his possession or in his attorney's possession. On April 7, 1960, the motion of the two Barberis, plaintiffs in Action No. 3, for a default judgment and an inquest, was granted. On April 18, 1960, the motion of defendant Blum to open his default and for other relief was denied. Order dated April 18, 1960, reversed, without costs, and motion of defendant Blum granted on condition that, within 10 days after the entry of the order hereon, he pay $100 costs to the plaintiffs in Action No. 3, and serve his answer to the complaint in said action; his time to answer being extended accordingly. In the event of defendant Blum's failure to comply with these conditions, the order denying his motion is affirmed, with one bill of $10 costs and disbursements to each respondent who filed a brief. The record shows inordinate neglect on the part of defendant Blum, which would ordinarily warrant an affirmance of the order denying his motion. It is our opinion, however, that the unusual circumstances here present and the fact that the three actions arise out of the same accident and that it is desirable to avoid a multiplicity of suits, require a reversal of the order upon the conditions stated. Appeal from order, dated April 7, 1960, dismissed, as academic. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.